ABRAHAM ASHLEY 2d *vs.* THOMAS C. LANDERS.

An entry, under a deed of warranty, upon land over which there is a way, gives a sufficient seisin and possession to maintain trespass against any person who does not show a title to justify his acts thereon.

TORT for breaking and entering the plaintiff's close, and removing a fence from the same and cutting trees thereon.

At the trial in the superior court, before *Vose*, J., the acts charged in the declaration were admitted, and the only question was, whether the plaintiff had sufficient title to enable him to maintain the action. The plaintiff introduced in evidence a deed from his father to himself of the "Ashley farm," dated in 1814, and a deed from Richard Borden to himself of the "Borden lot," dated in 1819. · These lands adjoined each other, the Borden lot lying north of the Ashley farm. The Borden lot was uninclosed woodland, and the Ashley farm was inclosed there being a fence between the two lots. On receiving these

deeds, the plaintiff entered upon the premises conveyed, and about twenty-five years ago cut the wood upon the whole of the Borden lot, including the place where the cutting charged was done by the defendant, which was of the growth since the plaintiff cleared the premises. It was conceded that the acts of the defendant were within the limits of the Borden lot.

The defendant introduced in evidence a deed of the Ashley farm from the plaintiff to Charles Searell, dated in 1857, and a deed thereof from Searell to himself, dated April 26, 1861. The latter deed contained a description of the premises by metes and bounds, with no clause conveying privileges or appurtenances thereto belonging. The defendant also introduced evidence tending to show the laying out of a way, in 1715, six rods wide, the southerly line of which was substantially the same as the northerly line of the Ashley farm ; and the defendant contended that this way was laid out for the benefit of the lots bordering thereon. There was no evidence that this way was ever worked or used, or that there were any visible indications of its existence; and it was conceded that the place which it included was covered with wood, like the rest of the Borden lot. It was admitted that if the way was as the defendant contended, (respecting which fact the evidence was conflicting,) the cutting by the defendant was upon the way ; and the defendant contended that, if this was so, the plaintiff had not shown such a title as would enable him to maintain his action. But the judge instructed the jury that, though the way was as the defendant contended, yet the plaintiff was entitled to recover, and a verdict was returned accordingly. The defendant alleged exceptions.

*C. I. Reed*, ( *O. Prescott* with him,) for the defendant. When the plaintiff cleared the Borden lot, he owned the land on both sides of the way, and his acts did not therefore constitute an adverse possession. The owners of the lots on each side of the way took a title to the centre of it. *Fisher* v. *Smith*, 9 Gray, 441. *Phillips* v. *Bowers*, 7 Gray, 21. *Newhall* v. *Ireson*, 8 Cush. 595. Even if the acts of the plaintiff were adverse, so as to enable him to maintain an action against a stranger they

weie not sufficient to enable him to maintain it against the de-fendant, who owned land bordering upon the way. *Bates* v *Norcross*, 14 Pick. 224. *Cook* v. *Babcock*, 11 Cush. 206, and cases there cited.

*E. L. Barney*, for the plaintiff, cited *Kilborn* v. *Rewec*, 8 Gray, 417; *Allen* v. *Taft*, 6 Gray, 556; *Slater* v. *Rawson*, 6 Met. 446, and cases there cited ; *Barnstable* v. *Thatcher*, 3 Met. 239; *Shrewsbury* v. *Smith*, 14 Pick. 297.

Hoar, J. The plaintiff had entered upon the land upon which the alleged trespass was committed by the defendant, under deeds of warranty. This certainly gave him a sufficient seisin and possession to maintain trespass against any person who could not show a better title. The only title of the defend-ant was under a deed from the plaintiff. If this deed included the land in controversy, then the defence was maintained. But the bill of exceptions does not show that any such claim was established. The defendant contended that adjoining his land there was an ancient way, and that the deeds under which the plaintiff claimed, although they included in their description of the land conveyed the land covered by the way, would not give him a title to it. But land over which there is a way may be conveyed as well as any other. If the defendant acquired any right in the way, to the extent of that right his acts upon it would be protected. If he did not, the rights of others in it could not avail him, nor prevent the plaintiff from relying upon the usual *prima facie* evidence of ownership.

*Exceptions overruled.*